```
                  UNITED STATES DISTRICT COURT
                  MIDDLE DISTRICT OF TENNESSEE
                       NASHVILLE DIVISION

CALVARY SPV I, LLC,            )
                               )
        Plaintiff              )
                               )      No. 3:13-1235
v.                             )      Judge Trauger/Brown
                               )
WALLACE EVANS,                 )
                               )
        Defendant              )
```

**TO: THE HONORABLE ALETA A. TRAUGER**

## REPORT AND RECOMMENDATION

For the reasons stated below, the Magistrate Judge recommends that this case be remanded to the General Sessions Court of Davidson County, Tennessee, from which it was improperly removed.

## BACKGROUND

The Defendant in this matter, Wallace C. Evans, acting *pro se*, filed a notice of removal of this case from General Sessions Court for Davidson County on November 8, 2013 (Docket Entry 1). The matter was referred to the undersigned for case management and for a report and recommendation on any dispositive matter (Docket Entry 3).

After reviewing the matter, the undersigned had concerns about the propriety of the removal, and the jurisdiction of this Court. The Defendant was therefore given notice of the Magistrate Judge's concerns (Docket Entry 5) and was allowed the opportunity to show why removal was appropriate.

The Defendant filed a response (Docket Entry 8) essentially stating that the case had been pending in general sessions court for over a year and that he did not believe that the general sessions court had jurisdiction, and that since the matter involved a bank chartered under the Federal Bank Holding Company Act of 1956 it was subject to federal banking law and the case would be better served in the United States District Court.

**LEGAL DISCUSSION**

As an initial matter, the Magistrate Judge notes that although the Defendant used a fill-in-the-blanks complaint form, at the Defendant's specific request and direction, the clerk filed it as a removal notice. The documents attached to his removal showed that this complaint was originally filed against Mr. Evans by Calvary SEV I, LLC as an assignee of the Bank of America FIA Card Services, N.A., on September 24, 2012. Mr. Evans filed an answer and counter-claim on November 29, 2012. He filed a motion to compel the Plaintiff to produce documents, which would include the original loan, on July 30, 2013. The motion to produce was apparently served on July 18, 2013, and granted by the general sessions judge on July 18, 2013 (Docket Entry 1-1, p. 9-10).

It appears that the matter was later reset for trial on August 15, 2013, at 9:00 a.m. (Docket Entry 1-1, p. 12).

Federal courts are courts of limited jurisdiction. Title 28 U.S.C. § 1446 governs the procedure for removal of a civil action. Subsection (b)(1) clearly states that "[t]he notice of

removal of the civil action or proceeding shall be filed within 30 days after receipt by the defendant through service or otherwise of a copy of the initial pleading . . ." In this case the record shows that Mr. Evans was served on October 9, 2012, and filed an answer and counter-claim on November 29, 2012. His efforts to remove the case are therefore clearly outside the 30-day limit.

In the original removal petition the Defendant did not state the basis for removal, whether he was proceeding under 1441(a), a civil action he brought in state court, of which the district courts of the United States have original jurisdiction, or 1441(b), removal based on diversity of citizenship.

Mr. Evans has no basis for removal under diversity, as the amount in question is less than $25,000. The limit of the general sessions court jurisdiction is also only $25,000  The complaint itself, although quite brief in accordance with general sessions pleadings, does not appear to raise a federal question. The mere fact that the Plaintiff is a bank does not establish a federal question.

Mr. Evans' response that the matter involves a bank subject to the Federal Bank Holding Company Act and subject to federal banking law and thus gives the court original federal jurisdiction, is a pure conclusion with no basis that the Magistrate Judge can tell in fact or law.

Regardless, even if there were original jurisdiction in this case, the Defendant has waited far beyond the 30 days allowed by law to remove this case.  28 U.S.C. § 1447(c) provides that

3

"[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." In this case it appears that the court lacks subject matter jurisdiction and, therefore, lacks jurisdiction to proceed further, except to remand this case. *Chase Manhattan Mortg. Corp. v. Smith*, 507 F.3d 910 (6th Cir. 2007). As pointed out in that case, there is no reasonable basis for federal jurisdiction. The amount in controversy is less than $75,000, therefore, diversity jurisdiction cannot apply and the complaint itself does not, on its face, raise federal questions.

For some reason the Plaintiff in the general sessions case has not raised any issue about the removal. Perhaps it may be because the Magistrate Judge initially raised the issue himself.

If this were simply a case where there was no objection that the removal was beyond 30 days, there is authority that a plaintiff who fails to raise the issue waives the 30-day requirement. *See City of Cleveland v. Deutsche Bank Trust Co.*, 571 F.Supp. 2d 807, 812-14 (N.D. OH 2008) *affirmed by City of Cleveland v. Ameriquest Mortg. Sec., Inc.*, 615 F.3d 496, 500 (6th Cir. 2012).

Unfortunately for the Defendant's removal efforts, it is apparent that no basis for removal existed at the time of removal. There was neither diversity or independent federal jurisdiction in this matter, and jurisdiction may not be waived, but can be raised at any point and may be done by the court sue sponte, provided the

removing party is given notice and an opportunity to respond to such a suggestion.

In this case the removing Defendant was given an opportunity to respond and he has failed to show that any federal jurisdiction existed in this case.

In view of the lack of any motion by the original plaintiff in this matter and in view of the *pro se* status of the Defendant, the Magistrate Judge does not recommend any sanctions against the Defendant for this improper removal.

## RECOMMENDATION

For the reasons stated above, the Magistrate Judge recommends that this case be **REMANDED** for lack of federal subject matter jurisdiction.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has **14 days** from receipt of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court.  Any party opposing said objections shall have **14 days** from receipt of any objections filed in this Report in which to file any responses to said objections. Failure to file specific objections within **14 days** of receipt of this Report and Recommendation can constitute a waiver of further

appeal of this Recommendation. *Thomas v. Arn*, 474 U.S. 140 106 S. Ct. 466, 88 L.Ed.2d 435 (1985), *Reh'g denied*, 474 U.S. 1111 (1986).

ENTER this 5th day of December, 2013.

/s/   Joe B. Brown
JOE B. BROWN
United States Magistrate Judge